UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD M. BENNETT,

                                      Plaintiff,
   v.                                                                           9:22-CV-0587
                                                                                    (TJM/TWD)

THE STATE OF NEW YORK and
COLUMBE, Correction Officer,

                                      Defendants.
_____

APPEARANCES:

DONALD M. BENNETT
22-B-2198
Plaintiff, pro se
Wyoming Correctional Facility
P.O. Box 501
Attica, NY 1401

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION AND ORDER

**I.**    **INTRODUCTION**

      On June 3, 2022, plaintiff Donald M. Bennett ("plaintiff") commenced this civil rights action asserting claims arising out of his confinement in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). Dkt. No. 1 ("Compl."). Plaintiff did not pay the filing fee and sought to proceed in forma pauperis. Dkt. No. 9 ("IFP Application").

      In a Decision and Order filed on July 12, 2022, this Court denied plaintiff's IFP

1

application pursuant to the "three strikes" rule of 28 U.S.C. § 1915(g) ("Section 1915(g)). Dkt. No. 11 (the "July Order").  Plaintiff was afforded thirty (30) days in which to pay the statutory filing fee of four hundred and two dollars in full if he wished to avoid dismissal of this action.[1]  *Id*. at 7-8.

In lieu of paying the filing fee, on August 10, 2022, plaintiff filed an amended complaint.  Dkt. No. 13 ("Am. Compl.").

## II.   DISCUSSION

Plaintiff does not challenge the Court's finding that he has acquired three strikes. However, rather than pay the filing fee, plaintiff submitted an amended complaint that replaces the original complaint. "Mindful of the Court's obligation to extend special solicitude to pro se litigants," the Court will review plaintiff's amended complaint and determine whether plaintiff has established "imminent danger of serious physical injury" under the three-strikes rule, 28 U.S.C. § 1915(g).  *See Walker v. Cuomo*, No. 9:17-CV-0650 (TJM/DJS), 2018 WL 6068413, at *2 (N.D.N.Y. Nov. 20, 2018).

The facts asserted in the amended complaint, are largely identical to those in the complaint.  *Compare* Compl. *with* Am. Compl.  Plaintiff claims that on November 16, 2016,

---

[1] In the July Order, the Court noted:

> Pro se plaintiffs are normally afforded an opportunity to amend, *see Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999), but leave need not be granted where even a liberal reading of the complaint fails to give "any indication that a valid claim might be stated." *Chavis*, 618 F.3d at 170 (internal quotation marks omitted).  Because plaintiff does not allege that he feared "physical injury" when he brought this action, the complaint does not "present the possibility of his stating a valid imminent danger claim." *See Carolina v. Rubino*, 644 Fed. App'x 68, 73 (2d Cir. 2016) (summary order) (district court did not abuse its discretion in dismissing complaint under Section 1915(g) because amendment of the plaintiff's claims of "past harms" would have been futile). Accordingly, leave to amend is not required.

Dkt. No. 11 at 7.

while he was in his cell at Clinton Correctional Facility ("Clinton C.F."), defendant Officer C. Columbe ("Columbe") subjected plaintiff to excessive force. *See generally* Am. Compl. Plaintiff alleges that he was "in imminent danger" that day. *Id.* at 4.

In the July Order, the Court held:

> Plaintiff's allegations of wrongdoing at Clinton C.F., even if true, do not demonstrate that plaintiff faced an "imminent danger of serious physical injury" when he filed this action. *See Flemming v. Kemp*, No. 09-CV-1185 (TJM/DRH), 2010 WL 3724031, at *2 (N.D.N.Y. Aug. 19, 2010) (Section 1915(g) is available "[w]hen a threat or prison condition is real and proximate, and when the potential consequence is 'serious physical injury[])" (citation omitted). Moreover, any danger posed by alleged misconduct that occurred at Clinton C.F. had dissipated by the time plaintiff signed the complaint. *See Pettus*, 554 F.3d at 296. This is especially true where, as here, plaintiff was no longer confined at Clinton C.F. when he filed his lawsuit. *See, e.g., Malik*, 293 F.3d at 560, 562-63 (finding that the district court properly denied in forma pauperis status because the plaintiff had already accrued three strikes and did not fall within the "imminent danger" exception because plaintiff was no longer confined at the facility where his claims arose when he filed his complaint); *Palmer v. N.Y. State Dep't of Corr.*, 342 Fed. App'x 654, 656 (2d Cir. 2009) (same).

Dkt. No. 11 at 6-7.

Despite the fact that plaintiff amended his complaint, the amended pleading does not cure the deficiencies in the prior pleading with regard to imminent danger. Upon review of the amended complaint, the Court concludes that plaintiff's allegations of wrongdoing, even if true, do not demonstrate that he faced an "imminent danger of serious physical injury" from Defendants when he commenced the action.

In light of plaintiff's pro se status, he is granted a final extension of time to pay the full filing fee for this action. Plaintiff must, within thirty (30) days of the filing date of this Decision and Order, submit the full filing fee of $402.00. If plaintiff fails to timely pay the required filing

fee in full, this action will be dismissed without prejudice without further order of the Court.

## III. CONCLUSION

**WHEREFORE**, it is

**ORDERED** that plaintiff is afforded a **final opportunity** to pay the filing fee of four hundred and two dollars ($402.00) in full if he wishes to avoid dismissal of this action; and it is further

**ORDERED** that upon plaintiff's compliance with this Decision and Order, the Clerk shall return the file to this Court for review of the amended complaint in accordance with 28 U.S.C. § 1915A; and it is further

**ORDERED** that if plaintiff fails to pay the filing fee in full within **THIRTY (30) DAYS** of the filing date of this Decision and Order, the Clerk is directed to enter judgment dismissing this action, without prejudice, without further order of this Court; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

**DATED:** September 8, 2022

Thomas J. McAvoy
Senior, U.S. District Judge